IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARGARET HUANG,<br>    6002 9th Street N.<br>    Arlington, VA 22205,<br><br>        Plaintiff,<br><br>    v.<br><br>CIGNA CORPORATION,<br>    900 Cottage Grove Road,<br>    Bloomfield, CT 06002,<br><br>AMNESTY INTERNATIONAL<br>OF THE U.SA. INC,<br>    900 Pennsylvania Ave., S.E.,<br>    5th Floor,<br>    Washington, D.C. 20003<br><br>        Defendants. | Case No._____ |

## COMPLAINT

1. This case arises from Defendants' denial of medical benefits to Plaintiff pursuant to an employer-sponsored plan provided by Amnesty International of the U.S.A. Inc. ("Amnesty International") and administered by Cigna Corporation ("Cigna"), in violation of the Employee Retirement Income Security Act of 1974 ("ERISA").

### JURISDICTION

2. Plaintiff brings this action for declaratory, injunctive, and monetary relief pursuant to § 502(a)(1)(B) and § 502(a)(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132(a)(1)(B) and 1132(a)(3). This Court has subject matter

jurisdiction over Plaintiff's claims pursuant to ERISA §§ 502(e) and (f), 29 U.S.C. §§ 1132(e) and (f), and 28 U.S.C. § 1331.

## VENUE

3. Venue lies in the District of Columbia pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), because the ERISA-governed plan at issue was administered in part in this District. Venue is also proper pursuant to 28 U.S.C. § 1391(b) because some of the events or omissions giving rise to Plaintiff's claim occurred within this District, and Defendant Amnesty International has an office in this District.

## PARTIES

4. At all relevant times, Plaintiff Margaret Huang ("Ms. Huang") has been a participant, as defined by ERISA § 3(8), 29 U.S.C. § 1002(8), of the health insurance plan ("Plan") sponsored by Amnesty International.

5. At all relevant times, Ms. Huang has resided at 6002 9th Street N., Arlington, Virginia 22205.

6. At all relevant times, Ms. Huang was employed as Executive Director of Amnesty International at the Washington National Office located at 600 Pennsylvania Ave., S.E., 5th Floor, Washington, D.C. 20003.

7. At all relevant times, Defendant Amnesty International was sponsor of the Plan within the meaning of ERISA § 3(16)(B), 29 U.S.C. § 1002(16)(B).

8. Upon information and belief, the registered agent for Defendant Amnesty International is C T Corporation System, located at 1015 15th Street, N.W., Suite 1000, Washington, D.C. 20005.

9. Upon information and belief, Defendant Amnesty International contracted with Defendant Cigna to manage and administer the Plan.

10. Upon information and belief, Defendant Cigna is the Plan Administrator within the meaning of ERISA § 3(16)(A), 29 U.S.C. § 1002(16)(A).

11. Upon information and belief, Defendant Cigna's corporate headquarters is located at 900 Cottage Grove Road, Bloomfield, CT 06002.

12. Upon information and belief, the resident agent for Defendant Cigna is C T Corporation System, 1015 15th Street NW, Suite 1000, Washington, D.C. 20005.

## FACTS

13. In 2018, when Ms. Huang was employed as Executive Director with Amnesty International, she received the Summary of Benefits and Coverage ("SBC") of the Plan. Ms. Huang did not receive a copy of any other Plan documents.

14. The Coverage Period for the Plan is from January 1, 2018, to December 31, 2018. The Plan was in effect during this period.

15. The Plan provided coverage for Ms. Huang individually and for her family. Ms. Huang's daughter, M.M., was a beneficiary of the Plan.

16. The SBC explained that mental health, behavioral health, or substance abuse services would be covered under the Plan.

17. For inpatient mental health services using an in-network provider, there was a 10% co-insurance requirement. For inpatient mental health services using an out-of-network provider, there was a 30% co-insurance requirement.

18. Ms. Huang's daughter, M.M., received inpatient mental health services at McLean Hospital from August 7, 2018, to October 15, 2018, after an attempted suicide.

19. McLean Hospital, which is located in Boston, Massachusetts, was recommended by Ms. Munoz' doctor because it specialized in the psychiatric treatment of adolescents.

20. Because McLean Hospital did not accept any insurance, Ms. Huang paid out-of-pocket all expenses for psychiatric treatment for her daughter at McLean Hospital. The total amount of expenses paid by Ms. Huang was $99,015.

21. On or about April 3, 2019, Ms. Huang, with the assistance of her husband Franco Munoz, submitted a claim to Cigna seeking reimbursement of expenses she incurred for psychiatric treatment for her daughter at McLean Hospital.

22. On or about April 30, 2019, Cigna sent Ms. Huang a letter denying her Claim. The letter stated: "Based upon the available clinical information, your symptoms did not meet for admission and continued stay at Child/Adolescent Medical Necessity Criteria Residential Mental Health Treatment from 08/07/2018 – 10/15/2018 as you did not have impairments in functioning across multiple settings such as work, home, school, and in the community, that clearly demonstrated a need for 24 hour skilled psychiatric and nursing monitoring and intervention. You had not developed new symptoms and/or behaviors that required this intensity of service for safe and effective treatment. Less restrictive levels of care were available for safe and effective treatment."

23. The April 30, 2019 letter was signed by the Appeals Coordinator for Cigna Behavioral Health, did not explain the medical basis for the decision, and did not explain how Ms. Huang could appeal the decision.

24. Ms. Huang disagreed with Cigna's decision and sought assistance from SJ Health Insurance Advocates to assist with appealing Cigna's decision. Ms. Huang paid S.J. Health Insurance Advocates $3,657.60 to assist with filing the appeal.

25. On or about July 26, 2019, Ms. Huang again submitted her Claim to Cigna for reimbursement for expenses that she incurred for psychiatric treatment for her daughter at McLean Hospital.

26. On or about July 26, 2019, Ms. Huang also submitted to Cigna a Request for IRO (Independent Review Organization).

27. On or about September 17, 2019, Cigna sent a letter to Ms. Huang again denying her Claim. The letter was signed by Russell Scheffer, MD, Board Certified Psychiatrist and explained the basis for the decision as follows: "Based upon he available clinical information, your symptoms did not meet for admission and continued stay at Child/Adolescent Medical Necessity Criteria Residential Mental Health Treatment from 08/07/2018 – 10/15/2018 as although you have had some behavioral problems, you have not had psychiatric or medical issues that require 24-hour medical or behavior support. You have not had impairments in function across multiple settings that clearly demonstrated a need for 24 hour skilled psychiatric and nursing monitoring and intervention. There is no evidence that you have had thoughts of hurting yourself or others since your admission and you have not developed new symptoms or behaviors that require this intensity of service for safe and effective treatment. It appears that your stay has been primarily for the purpose of providing a safe and structured environment. Less restrictive care was available for safe and effective treatment. The initial denial is upheld."

28. Cigna's September 17, 2019, letter further provided the following information regarding Ms. Huang's appeal rights: "This decision represents <u>the final step of the internal appeal process</u> . . . You have the right to appeal this decision directly using the Cigna External Review Program. It provides an independent review of your appeal by an external organization that's not connected to Cigna. The independent organizations are known as Independent Review

Organizations or an IRO. The IROs Cigna uses for this program are separate companies, not connected to Cigna professionally or financially. <u>The decisions made by the IROs are binding, meaning Cigna must accept it</u>." (emphasis added)

29. On or about January 13, 2020, Ms. Huang again submitted to Cigna a Request for IRO (Independent Review Organization).

30. MES Peer Review Services ("MES") performed an independent review of the medical records and documentation provided by the parties to determine whether the requested residential mental health treatment at McLean Hospital for Ms. Huang's daughter was medically necessary.

31. On February 24, 2020, MES issued a Notice of External Review Determination, which overturned Cigna's decision and found that the requested Residential Mental Health Treatment from August 7, 2018 to October 15, 2018 was medically necessary. The letter stated: "<u>If we have overturned the denial, your plan or health insurance issuer will now provide service or payment</u>." (emphasis added)

32. Since the final decision issued on February 24, 2020, Ms. Huang and her husband Mr. Munoz have attempted to obtain payment from Cigna. To date, they have not received any payment from Cigna.

33. On or before June 19, 2020, Cigna erroneously processed the claim as in-network and sent payment to McLean Hospital in the amount of $53,340. S.J. Heath Insurance Advocates requested that Cigna reprocess the Claim as out of network. S.J. Health Insurance Advocates also requested that McLean Hospital refund the check to Cigna.

34. On or about August 10, 2020, McLean Hospital sent a refund check in the amount of $53,340 to Cigna.

35. On or about September 8, 2020, Cigna received the refund check from McLean Hospital. S.J. Health Insurance Advocates requested that the Claim be reprocessed so that payment may be made directly to Ms. Huang.

36. On or about November 11, 2020, Cigna reprocessed the Claim, but payment was again erroneously sent to McLean Hospital.

37. On November 13, 2020, McLean Hospital received payment in the amount of $35,814.00 from Cigna via wire transfer.

38. On or about January 25, 2021, McLean Hospital sent a refund check in the amount of $35,814.00 back to Cigna.

39. On or about February 16, 2021, Cigna informed SJ Health Insurance Advocates that it would not reprocess the claims as out-of-network as McLean Hospital is a network provider in their system.

40. On or about April 21, 2021, Mr. Munoz began a series of communications with Mr. Vincent Messina, a Cigna Customer Service representative, in an effort to obtain payment of the Claim based upon the final decision issued on February 24, 2020.

41. On May 26, 2021, Mr. Messina informed Mr. Munoz that Cigna would not pay the Claim, that it could not reprocess the Claim, and that Ms. Huang would have to appeal the decision again.

42. On June 9, 2021, Ms. Huang and Mr. Munoz received a letter from Mr. Messina denying Ms. Huang's Claim. There was no explanation of the basis or rationale for overturning the final decision issued on February 24, 2020. Mr. Messina advised Ms. Huang that she would need to file another appeal of the decision.

43. To date, despite the final decision issued on February 24, 2020, Cigna has failed to pay Ms. Huang's Claim.

## FIRST CLAIM FOR RELIEF
## (DENIAL OF BENEFITS)

44. Plaintiff incorporates Paragraphs 1 through 43 as though fully set forth herein.

45. According to Cigna's September 17, 2019, letter, the decision issued by an IRO is the final step of the appeal process and is binding.

46. Plaintiff obtained a final decision regarding her Claim on February 24, 2020. Plaintiff has therefore exhausted her administrative remedies.

47. ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), permits a plan participant to bring a civil action to recover benefits due to her under the terms of a plan, to enforce her rights under the terms of a plan, and/or to clarify her rights to future benefits under the terms of a plan.

48. Defendants have denied Plaintiff benefits to which she is entitled to under an employee benefit plan.

49. Pursuant to the terms of the Plan, Ms. Huang is entitled to recover 90% or 70% of expenses incurred for inpatient mental health services for her daughter at McLean Hospital, depending on whether McLean Hospital is an in-network provider or an out-of-network provider. Plaintiff seeks monetary damages for the denial of benefits in the amount as determined by the Court.

50. ERISA § 502(g), 29 U.S.C. §1132(g), permits the Court to award attorney fees and costs in its discretion. Plaintiff seeks reasonable attorney fees and costs for appealing Cigna's decision, including but not limited to $3,657.60 paid to S.J. Health Advocates.

## SECOND CLAIM FOR RELIEF
## (STATUTORY PENALTIES)

51. Plaintiff incorporates Paragraphs 1 through 50 as though fully set forth herein.

52. ERISA requires the Plan Administrator, upon written request, to furnish any participant or beneficiary a copy of the following documents within 30 days: "the latest updated summary, plan description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, or other instruments under which the plan is established or operated." ERISA § 104(b)(4), 29 U.S.C. § 1024(b)(4).

53. The Summary of Benefits and Coverage ("SBC") of the Plan, which Ms. Huang received from her employer, does not identify the identity of the Plan Administrator in violation of 29 U.S.C. § 1022(b).

54. On September 20, 2021, Plaintiff through her undersigned counsel sent letters to both Defendant Cigna and Defendant Amnesty International via certified mail requesting a complete copy of all documents relevant to the Plan provided to Ms. Huang in 2018. Plaintiff also sought relevant documents regarding Cigna's denial of benefits of the Claim.

55. To date, Plaintiff has not received any documents from Defendant Cigna and/or Defendant Amnesty International that are responsive to Plaintiff's request.

56. Pursuant to ERISA § 502(c)(1), 29 U.S.C. § 1132(c)(1), a Plan Administrator who fails or refuses to furnish requested information to the participant or beneficiary may in the court's discretion be personally liable in the amount of $100 per day from the date of such failure or refusal. This amount has been increased to $110 per day as required by the Debt Collection Improvement Act of 1996. 62 Fed. Reg. 40696.

57. Plaintiff seeks statutory penalties in the amount of $110 per day until Defendant Cigna and/or Defendant Amnesty International furnish a copy of all requested documents regarding the Plan and the Plan's denial of the Claim.

### THIRD CLAIM FOR RELIEF
### (BREACH OF FIDUCIARY DUTY)

58. Plaintiff incorporates Paragraphs 1 through 57 as though fully set forth herein.

59. ERISA § 404(a), 29 U.S.C. § 1104(a), requires that a fiduciary discharge its duties with respect to a plan solely in the interest of the participants and beneficiaries, for the exclusive purpose of providing benefits to participants and fiduciaries and defraying reasonable expenses of administering the plan, and in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with other provisions of ERISA.

60. ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), authorizes a participant, beneficiary, or a fiduciary of a plan to file suit to "enjoin any act or practice" that violates Title I of ERISA or the terms of a plan, and/or to obtain "other appropriate equitable relief" to redress such violations.

61. Defendants Cigna and/or Amnesty International violated their fiduciary duty as Plan Administrator by failing to comply with reasonable claims procedure as set forth in 29 U.S.C. § 1133 and by the Department of Labor at 29 C.F.R. § 2560.503-1.

62. 29 C.F.R. § 2560.503-1(b)(3) requires that "claims procedures do not contain any provision, and are not administered in a way, that unduly inhibits or hampers the initiation or processing of claims for benefits." (emphasis added)

63. Cigna breached its fiduciary duty by unduly inhibiting and hampering processing of the Claim after the final decision issued on February 24, 2020.

64. As a result of Cigna's breach of fiduciary duty, Plaintiff seeks equitable relief in the form of an injunction enjoining Cigna to comply with the final decision issued on February 24, 2020, and process payment of the Claim directly to Plaintiff.

65. As a result of Cigna's breach of fiduciary duty, Plaintiff seeks equitable relief in the form of pre-judgment interest from the date of final decision issued on February 24, 2020.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court will grant the following relief:

A. Declare that Defendants have violated the terms of the Plan;

B. Declare that Defendants have violated their responsibility as Plan Administrator to provide plan and claim documents and impose statutory penalties in the amount of $110 per day;

C. Declare that the Defendants have breached their fiduciary duty by unduly inhibiting and hindering processing and payment of Plaintiff's Claim;

D. Enjoin Defendants to comply with the final decision issued on February 24, 2020, and process payment of the Claim directly to Plaintiff;

E. Award monetary damages in the amount of Plaintiff's Claim as determined by the Court, including reasonable attorney fees and costs, and pre-judgment interest from February 24, 2020;

E. Provide such other relief as the Court deems equitable and just.

Respectfully submitted,

*[signature]*

Nancy M. Kim, Esq. (Bar No. #473666)
Lange Kim & Dowell LLP
6849 Old Dominion Drive, Suite 225

McLean, VA 22101
Tel: (703) 506-1051
nancy@langethomas.com

Counsel for Plaintiff

Dated: December 13, 2021